# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL MONTENEGRO FLORES,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>SCOTT KERNAN,<br><br>　　　　Respondent. | Case No. 1:18-cv-00707-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND TO GRANT PETITIONER LEAVE TO FILE AN AMENDED PETITION<br><br>ORDER DIRECTING CLERK'S OFFICE TO SEND PETITIONER BLANK § 2254 HABEAS FORMS<br><br>(ECF No. 8) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## I.

## BACKGROUND

On May 24, 2018, Petitioner filed the instant federal petition for writ of habeas corpus. (ECF No. 1). Petitioner appears to challenge his 2007 Tulare County Superior Court conviction and sentence for attempted murder plus various enhancements. (ECF No. 1 at 10).[1] The petition submitted by Petitioner consists of the cover page of a MC–275 California state habeas corpus form, a copy of the California Supreme Court's March 14, 2018 order summarily denying a state habeas petition, and a certificate of service dated May 21, 2018 that indicates service of a petition for writ of habeas corpus with exhibits. (ECF No. 1 at 3). The exhibits include the Tulare

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

1  County Superior Court's June 9, 2017 order denying habeas relief, the California Court of
2  Appeal, Fifth Appellate District's August 3, 2017 order denying habeas relief, a copy of
3  Petitioner's state habeas petition, excerpts of transcripts, medical records, a copy of the abstract
4  of judgment, and various certificates of service. (ECF No. 1 at 6–52).

   On July 24, 2018, Respondent filed a motion to dismiss the petition due to failure to
6  verify the petition, failure to use the proper form, and failure to state cognizable grounds for
7  relief. (ECF No. 8). Although the Court granted Petitioner an extension of time in which to
8  respond to the motion to dismiss, Petitioner has not filed a response to the motion to dismiss.

## II.

## DISCUSSION

Rule 2(c) of the Rules Governing Section 2254 Cases states that a petition must:

> (1) specify all the grounds for relief available to the petitioner;
> (2) state the facts supporting each ground;
> (3) state the relief requested;
> (4) be printed, typewritten, or legibly handwritten; and
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Rule 2(d) further provides that "[t]he petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."

Here, although Petitioner signed the proof of service, Petitioner did not sign the petition under penalty of perjury as required by Rule 2(c). (ECF No. 1 at 1–3). Accordingly, the undersigned finds that the motion to dismiss should be granted on this ground.[2] However, a petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). Therefore, the Court will grant Petitioner the opportunity to file an amended petition. Petitioner must sign the amended petition under penalty of perjury.

---

[2] As the undersigned finds that dismissal without prejudice is warranted for Petitioner's failure to sign the petition under penalty of perjury, the Court will not rule on the other grounds raised in the motion to dismiss. The Court notes, however, that the MC–275 California state habeas corpus form appears to "substantially follow" the federal AO 241 form. Additionally, the Court is cognizant of its duty to construe pro se habeas pleadings liberally, Allen v. Calderon, 408 F.3d 1150, 1153 (9th Cir. 2005), and the public policy favoring disposition of cases on their merits, Pagtalunan v. Galaza, 291 F.3d 639, 643 (9th Cir. 2002).

## III.

## RECOMMENDATION

Based on the foregoing, the undersigned HEREBY RECOMMENDS that:

1. Respondent's motion to dismiss (ECF No. 8) be GRANTED;
2. The petition for writ of habeas corpus (ECF No. 1) be DISMISSED WITH LEAVE TO AMEND; and
3. Petitioner be GRANTED **thirty (30) days** to file a first amended petition that is signed under penalty of perjury.

Further, the Court DIRECTS the Clerk of Court to send Petitioner blank § 2254 habeas forms.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30)** days after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **October 31, 2018**

UNITED STATES MAGISTRATE JUDGE