# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL MONTENEGRO FLORES,<br><br>Petitioner,<br><br>v.<br><br>DAVID BAUGHMAN,[1]<br><br>Respondent. | Case No. 1:18-cv-00707-LJO-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENT'S MOTION TO DISMISS AND DISMISS FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS<br><br>ORDER DIRECTING CLERK OF COURT TO SUBSTITUTE DAVID BAUGHMAN AS RESPONDENT<br><br>(ECF Nos. 20, 22) |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.**

**BACKGROUND**

On June 26, 2007, Petitioner pleaded guilty in the Tulare County Superior Court to two counts of attempted murder. Petitioner was sentenced to an imprisonment term of thirty-nine years and four months. (LD[2] 1). On May 6, 2011, the California Court of Appeal, Fifth Appellate District affirmed the judgment. (LD 2). Petitioner did not seek review in the California Supreme

---

[1] David Baughman is the Warden of California State Prison - Sacramento, where Petitioner is currently incarcerated. (ECF No. 22 at 1 n.1). Accordingly, David Baughman is substituted as Respondent in this matter. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996).

[2] "LD" refers to the documents electronically lodged by Respondent on March 29, 2019. (ECF No. 23).

1

Court. Petitioner subsequently filed five state post-conviction collateral challenges, which were all denied. (LDs 3–12).

On May 21, 2018,[3] Petitioner constructively filed a federal petition for writ of habeas corpus. (ECF No. 1). On December 12, 2018, the Court dismissed the petition due to Petitioner's failure to sign the petition under penalty of perjury. The Court granted Petitioner leave to file an amended petition. (ECF No. 16).

On January 22, 2019, Petitioner constructively filed the first amended petition. (ECF No. 20). On March 29, 2019, Respondent filed a motion to dismiss the first amended petition as untimely, or in the alternative to dismiss because ground two is unexhausted and ground one is not a cognizable federal claim. (ECF No. 22). Petitioner has not filed an opposition to the motion to dismiss, and the time for doing so has passed.

## II.

## DISCUSSION

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc). The first amended petition was filed after the enactment of AEDPA and is therefore governed by its provisions.

AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). Section 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

---

[3] Pursuant to the mailbox rule, a pro se prisoner's habeas petition is filed "at the time . . . [it is] delivered . . . to the prison authorities for forwarding to the court clerk." Hernandez v. Spearman, 764 F.3d 1071, 1074 (9th Cir. 2014) (alteration in original) (internal quotation marks omitted) (quoting Houston v. Lack, 487 U.S. 266, 276 (1988). The mailbox rule applies to both federal and state habeas petitions. Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010). Respondent applies the mailbox rule in the motion to dismiss. (ECF No. 22 at 2 n.2).

>        (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>        (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>        (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>    (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

**A. Commencement of Limitation Period**

In most cases, the limitation period begins running on the date that the petitioner's direct review became final or the expiration of the time for seeking such review. In his first claim, Petitioner seeks relief based on People v. Rodriguez, 47 Cal. 4th 501 (Cal. 2009), and People v. Le, 61 Cal. 4th 416 (Cal. 2015). (ECF No. 1 at 4).[4] Accordingly, the Court will determine whether § 2244(d)(1)(B)–(D) are applicable and entitle Petitioner to a later commencement of the limitation period.

Section 2244(d)(1)(B) provides that the one-year limitation period begins to run from the date on which a state-created impediment, in violation of the Constitution or laws of the United States, is removed. 28 U.S.C. § 2244(d)(1)(B). The Ninth Circuit has held that a state court decision announcing a new interpretation or clarification of state law does not constitute a state-created impediment under § 2244(d)(1)(B). Shannon v. Newland, 410 F.3d 1083, 1087–88 (9th Cir. 2005). Thus, Rodriguez and Le are not a state-created impediment, and § 2244(d)(1)(B) is inapplicable.

Section 2244(d)(1)(C) provides that the one-year limitation period begins to run from the date on which a "newly recognized" constitutional right, made retroactively applicable to cases

---

[4] Page numbers refer to the ECF page numbers stamped at the top of the page.

1  on collateral review, was initially recognized by the Supreme Court. 28 U.S.C. § 2244(d)(1)(C).
2  Rodriguez held that California Penal Code section 1170.1(f) bars the imposition of both a
3  firearm enhancement under section 12022.5(a)(1) and a gang enhancement under section
4  186.22(b)(1)(C) in connection with a single offense. Rodriguez, 47 Cal. 4th at 508. Le held that
5  California Penal Code section 1170.1(f) bars the imposition of both a firearm enhancement under
6  section 12022.5(a)(1) and a gang enhancement under section 186.22(b)(1)(B) in connection with
7  a single offense, when the offense qualifies as a serious felony solely because it involved firearm
8  use. Le, 61 Cal. 4th at 429. Rodriguez and Le are California Supreme Court cases that concerned
9  the interpretation of a California state statute, and thus, did not involve newly recognized
10 constitutional rights made retroactively applicable to cases on collateral review by the United
11 States Supreme Court. Accordingly, § 2244(d)(1)(C) is inapplicable.

Section 2244(d)(1)(D) provides that the one-year limitation period begins to run from "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The Ninth Circuit has held that a state court decision announcing a new interpretation or clarification of state law does not constitutes a "factual predicate" under § 2244(d)(1)(D). Shannon, 410 F.3d at 1089. Accordingly, § 2244(d)(1)(D) is inapplicable.

Based on the foregoing, § 2244(d)(1)(A) is applicable in the instant case and the limitation period began running on the date that Petitioner's direct review became final. Here, as Petitioner did not appeal to the California Supreme Court, his judgment became final when his time for seeking review with the state's highest court expired. See Gonzalez v. Thaler, 565 U.S. 134, 150 (2012). The time to seek review with the California Supreme Court expired on June 15, 2011, forty days after the Court of Appeal's decision was filed. See Cal. R. Ct. 8.366(b)(1) ("[A] Court of Appeal decision . . . is final in that court 30 days after filing."); Cal. R. Ct. 8.500(e)(1) ("A petition for review must be . . . filed within 10 days after the Court of Appeal decision is final in that court."). The one-year limitation period commenced running the following day, June 16, 2011, and absent tolling, was set to expire on June 15, 2012. See Patterson v. Stewart, 251 F.3d 1243, 1246 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)).

## B. Statutory Tolling

The "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitation period. 28 U.S.C. § 2244(d)(2). In the instant case, the limitation period expired before Petitioner filed his first state post-conviction collateral challenge on March 16, 2017, and § 2244(d) "does not permit the reinitiation of the limitations period that has ended before the state petition was filed." Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003). Accordingly, the instant federal petition is untimely unless Petitioner establishes that equitable tolling is warranted.

## C. Equitable Tolling

The limitations period also is subject to equitable tolling if the petitioner demonstrates "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). Petitioner bears the burden of alleging facts that would give rise to tolling. Holland, 560 U.S. at 649; Pace, 544 U.S. at 418. Here, however, Petitioner has not made any showing that he is entitled to equitable tolling. Indeed, Petitioner failed to oppose this motion to dismiss in any way.

Based on the foregoing, the instant federal petition was not timely filed, and dismissal is warranted on this ground.[5]

## III.

## RECOMMENDATION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 22) be GRANTED; and
2. The first amended petition for writ of habeas corpus (ECF No. 20) be DISMISSED as untimely.

///

---

[5] In light of the Court's untimeliness determination, the undersigned will not address the other grounds for dismissal in Respondent's motion to dismiss.

1       Further, the Clerk of Court is DIRECTED to substitute David Baughman as Respondent in this matter.

      This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 8, 2019**

UNITED STATES MAGISTRATE JUDGE