# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN MANUEL MONTENEGRO FLORES,<br><br>Petitioner,<br><br>v.<br><br>DAVID BAUGHMAN,<br><br>Respondent. | Case No. 1:18-cv-00707-LJO-SAB-HC<br><br>ORDER GRANTING PETITIONER'S MOTION TO REOPEN TIME TO APPEAL<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE ORDER ON NINTH CIRCUIT COURT OF APPEALS |

Petitioner is a state prisoner who proceeded pro se with a first amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 that was dismissed on August 15, 2019. (ECF No. 25). On October 3, 2019, the Court received the notice of appeal. (ECF No. 30). On December 24, 2019, the United States Court of Appeals for the Ninth Circuit remanded the case to this Court for the limited purpose of considering whether Petitioner's pro se notice of appeal and response to the Ninth Circuit's order to show cause "may properly be considered together as a motion to reopen pursuant to Federal Rules of Appellate Procedure 4(a)(6) and, if so, whether the motion should be granted." (ECF No. 33 at 2).

In the notice of appeal, Petitioner states that due to the acts of the California Department of Corrections and Rehabilitation, Petitioner's mail was being destroyed and not being sent out to the courts. (ECF No. 30 at 2). In his response to the Ninth Circuit's order to show cause, Petitioner states that he has been having problems receiving his mail. The Court construes the

notice of appeal and Petitioner's response to the Ninth Circuit's order to show cause as a motion to reopen pursuant to Federal Rules of Appellate Procedure 4(a)(6). See United States v. Withers, 638 F.3d 1055, 1061 (9th Cir. 2011) (holding that courts "must construe a *pro se* appellant's notice of appeal as a motion to reopen the time for filing an appeal when he alleges that he did not receive timely notice of the entry of the order or judgment from which he seeks to appeal"). See also Castro v. United States, 540 U.S. 375, 381–82 (2003) (courts may recharacterize a pro se motion to "create a better correspondence between the substance of a pro se motion's claim and its underlying legal basis"); Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003) (courts have a duty to construe pro se pleadings and motions liberally).

Rule 4 of the Federal Rules of Appellate Procedure provides that in a civil case, the notice of appeal "must be filed with the district clerk within 30 days after entry of the judgment or order appealed from." Fed. R. App. P. 4(a)(1)(A). In this case, that would be September 16, 2019.[1] However, the Court may reopen the time to file an appeal for a period of fourteen days if:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry;
> 
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
> 
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6).

Here, the judgment mailed to Petitioner was returned as undeliverable on August 30, 2019. The judgment was re-served on Petitioner on September 16, 2019 at the address listed on Petitioner's motion to uphold that was filed with the Court on September 13, 2019. (ECF No. 27). Thus, Petitioner did not receive notice of the entry of the August 15, 2019 judgment within twenty-one days after entry. The Court has construed the notice of appeal and Petitioner's response to the Ninth Circuit's order to show cause as a motion to reopen pursuant to Federal

---

[1] The judgment was entered on August 15, 2019. Thirty days after entry of judgment would be September 14, 2019, which fell on a Saturday. Therefore, the period continued to run until Monday, September 16, 2019. Fed. R. App. P. 26(a)(1)(C).

2

Rules of Appellate Procedure 4(a)(6). The notice of appeal was constructively filed on September 27, 2019,[2] which was within fourteen days after the judgment was re-served on Petitioner on September 16, 2019. Finally, there is no indication that any party would be prejudiced by reopening the time to file an appeal.

Accordingly, the Court finds it may reopen the time to file an appeal pursuant to Federal Rules of Appellate Procedure 4(a)(6). In accordance with the Ninth Circuit's order, (ECF No. 33 at 2), Petitioner need not file a new notice of appeal.

Based on the foregoing, the Court HEREBY ORDERS:

1. Petitioner's motion to reopen pursuant to Federal Rules of Appellate Procedure 4(a)(6) is GRANTED; and
2. The Clerk of Court is DIRECTED to serve a copy of this order on the Ninth Circuit Court of Appeals.

IT IS SO ORDERED.

Dated: **January 6, 2020**        /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE

---

[2] See Fed. R. App. P. 4(c)(1)(A)(i) ("If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing and it is accompanied by a declaration in compliance with 28 U.S.C. § 1746--or a notarized statement--setting out the date of deposit and stating that first-class postage is being prepaid."); Houston v. Lack, 487 U.S. 266, 276 (1988) (holding that pro se prisoner's notice of appeal is deemed "filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk).